UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **David Oppenheimer,** | ) | Case No. __2:19-cv-3590-BHH__ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORIGINAL COMPLAINT |
| | ) | Copyright Infringement |
| **Michael C. Scarafile,** | ) | |
| **Patricia R. Scarafile,** | ) | |
| **Sheila Glover Romanosky,** | ) | |
| **O'Shaughnessy Real Estate, Inc.** | ) | |
| **d/b/a Carolina One Real Estate** | ) | |

Plaintiff, David Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendants, **Michael C. Scarafile ("Michael"); Patricia R. Scarafile ("Patricia"); Sheila Glover Romanosky ("Romanosky"), and O'Shaughnessy Real Estate, Inc. d/b/a Carolina One Real Estate ("CarolinaOne") (collectively, "Defendants")**, alleges:

### JURISDICTION/VENUE

1. Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. 101 *et. seq.*, (hereinafter the Copyright Act.).

2. Subject matter and personal jurisdiction is vested in this Court pursuant to 28 U.S.C. 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

### THE PARTIES

3. Plaintiff is a citizen of North Carolina engaged in the business of professional photography and resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

1

4.      Michael is an individual resident of the State of South Carolina. Michael is the president, director, manager, and/or other genre of principal of CarolinaOne. Michael will receive actual notice of this filing by service upon him at 239 Seewee Circle, Mount Pleasant, South Carolina 29464, or at 4024 Salt Pointe Parkway, N. Charleston, South Carolina, 29405, or wherever he may be found.

5.      Patricia is an individual resident of the State of South Carolina, and is the chief executive officer, registered agent, director, manager, and/or other genre of principal of CarolinaOne. Patricia will receive actual notice of this filing by service upon her at 202 Bank Street, Mount Pleasant, South Carolina 29464, or at 4024 Salt Pointe Parkway, N. Charleston, South Carolina, 29405, or wherever he may be found.

6.      Romanosky is an individual resident of the State of South Carolina, and is a licensed real estate broker (# 24929) with CarolinaOne. Romanosky will receive actual notice of this filing by service upon her at 566 Planters Loop, Mount Pleasant, SC 29464-2742.

7.      CarolinaOne is a corporation organized under the laws of the State of South Carolina. CarolinaOne will receive actual notice of this Complaint by service upon its registered agent, Patricia Scarafile, at 4024 Salt Pointe Parkway, N. Charleston, South Carolina, 29405.

## INTRODUCTORY FACTS

8.      Oppenheimer is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in the 2 photographs at issue in this matter (the "Works" **Exhibit 1**).

9.      Oppenheimer makes his photographic works available for perusal and licensing online at his website http://www.performanceimpressions.com.

10. Oppenheimer has complied in all respects with Title 17, U.S.C. § 102, *et seq.,* and all other laws governing federal copyright applicable to the Works and registered the copyrights with the Register of Copyrights at the U.S. Copyright Office. Attached hereto as **Exhibit 2** are true and correct copies of the certificate of registration and the 2 relevant deposit photographs for the registration certificate entitled "*Travel, Festival, and Concert Photography by David Oppenheimer 2013,*" bearing certificate number VAu 1-142-190.

11. At all relevant times hereto, Oppenheimer was and continues to be the sole owner of all rights, titles, and interests in and to the aforementioned registration and photographic Works. Oppenheimer's copyrights in the above-described Works are presently valid and subsisting, were valid and subsisting from the moment of the Works' creation, and all conditions precedent to the filing of this suit have occurred.

12. For many years, it has been Oppenheimer's custom and business practice to display his copyright management information ("CMI") on his copyrighted photographs when they are first published by him, and thereafter. When published by Oppenheimer, the Works at issue in this case prominently displayed his CMI in the caption, each with a facial watermark, and embedded in the metadata of the Works. Thus, Defendants were on notice that the Works were copyright-protected.

13. Fewer than three years before this filing, Oppenheimer discovered that one or more of the Defendants, or someone at their direction, infringed his copyrights by copying and distributing (or directing others to do so) at least two (2) of his protected Works to at least 34 different realtors, agent, brokers, and/or other entities, and then uploading and/or publishing (or directing others to do so) the Works on over 100 separate *Universal Resource Locators* ("URLs") for the purpose of advertising and marketing Defendants' listed property – the boat slip located at

0 Tolers Cove Marina 5G in Mount Pleasant, South Carolina. **Exhibit 3**.

14. The works were displayed by Defendants on (at least) 100 separate URLs – a list of which is attached to this Complaint as **Exhibit 4**.

15. Upon information and belief, one or more of the Defendants, or someone at their direction, located and accessed Oppenheimer's Works at http://www.performanceimpressions.com, then downloaded the Works, and then distributed them to at least 34 different realtors, agents, brokers, and/or other third parties to advertise and promote the boat slip located at 0 Tolers Cove Marina 5G in Mount Pleasant, South Carolina.

16. On or about June 24, 2019, Oppenheimer's attorney sent a formal letter identifying all of the known infringing URLs demanding Defendants cease and desist from their ongoing infringements, and seeking information about the uses to which the Works had been put, profits received, and the like (**Exhibit 5**). In October of 2019, after acknowledging receipt of Oppenheimer's formal letter, Defendants failed and/or refused to remove all instances of infringement displayed on several of the URL's, including the following:

- https://www.c21charlestonrealestate.com/property/16028743/;

- https://t.realgeeks.media/thumbnail/W_d_Qe-i6IxfTeAUwlSH3Zif-6Y=/trim:top-left:50/https://property-media.realgeeks.com/101/b8710f6db4d749369677cb590a7d4ba2.jpg;

- https://ssl.cdn-edfin.com/photo/151/mbpaddedwide/743/genMid.16028743_4.jpg

- http://thumbs.trulia-cdn.com/pictures/thumbs_5/ps.95/4/8/5/4/picture-uh=149115142368426a4960d982c4c54eeb-ps=4854a732e2e2a2bf47b095b6e8be86--Tolers-Cove-Marina-G5-Mount-Pleasant-SC-29464.jpg

- http://thumbs.trulia-cdn.com/pictures/thumbs_5/ps.95/9/c/5/7/picture-uh=2fad3feaad6240679481e57d31ec4b1-ps=9c57e3dd4b7b87acf4dd45399edbf4c.jpg *and*

- https://t.realgeeks.media/thumbnail/httxWwHZY4ETClGPsMOLiJSX2EM=/trim:top-left:50/https://property-media.realgeeks.com/101/23dec5e8c2cc86c16b65324603b4ad0d.jpg.

4

17.     In October of 2019, Oppenheimer's attorney notified Defendants that infringing uses of Oppenheimer's Works were still being published on the URLs listed in paragraph 14 above, and requested that Defendants immediately remove all such instances of infringement. However, *to this day*, despite (falsely) informing Oppenheimer that they had removed all of his photographs from MLS, at least two (2) of the MLS-populated URLs continue to display the Works on (at least) the following URL's:

- [https://www.c21charlestonrealestate.com/property/16028743/#](https://www.c21charlestonrealestate.com/property/16028743/#); *and*
- [https://www.c21charlestonrealestate.com/property/16028743/](https://www.c21charlestonrealestate.com/property/16028743/);

18.     After repeated demands for the Defendants to cease and desist in their infringements, it became clear that they were contemptuous of Oppenheimer's copyrights, and were refusing to remove all instances of the infringing images from the MLS-populated downstream infringing realty companies' websites. After multiple calls, voice mail messages, and emails to Defendants' general counsel, it has become clear that Defendants are generally uninterested in avoiding litigation by ceasing use of the protected Works, and through a negotiated settlement; so this filing has become necessary.

**CAUSES OF ACTION**
**COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT**

19.     Oppenheimer re-alleges and incorporates paragraphs 1 – 18 above as if recited *verbatim*.

20.     Defendants have non-willfully infringed Oppenheimer's copyrights in and to the Works shown on **Exhibit 1** by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photographs within the United States in violation of

5

Title 17.

21. Upon information and belief, Defendants have benefitted from infringements of the Works, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace, as his Works still remain online without license or authorization; therefore, Oppenheimer is entitled to injunctive relief, damages, and other relief set forth in the Title 17.

## COUNT II – RECKLESS/WILLFUL COPYRIGHT INFRINGEMENT

22. Oppenheimer re-alleges and incorporates paragraphs 1 – 21 above as if recited *verbatim*.

23. Alternatively, Defendants have recklessly/willfully infringed Oppenheimer's copyrights in and to the Works shown on **Exhibit 1** by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17.

24. As is his pattern and practice, Oppenheimer had clearly marked the Works -- both on the face of each image in legible caption, and in the metadata -- with his CMI, including a © notice of copyright, stating that all rights are reserved, including instructions, Oppenheimer's address, phone number, email, and website URL. Oppenheimer does this to distinguish his Works from the works of others in his field, to provide a way for potential licensees to contact him for purchasing licenses, as well as to ensure that anyone who merely views his Works appreciates that he owns all rights and title in them.

25. Upon information and belief, one or more of the Defendants, or a third party acting on their behalf, saw Oppenheimer's copyright notice on the face of the image prior to scraping it from the World Wide Web, and causing it to be populated on at least 100 separate URLs. Further,

despite acknowledging Oppenheimer's claims and assuring Oppenheimer that they had removed all instances of infringement from the Web, the infringing images are still being displayed on (at least) the following two URLs:

- www.c21charlestonrealestate.com/property/16028743/#; *and*
- https://www.c21charlestonrealestate.com/property/16028743/;

26. Therefore, because they had the opportunity to appreciate that Oppenheimer was the sole author and owner of the Works, and still used it without license or authorization, and because Defendants continue to display Oppenheimer's Works even after receiving notice of the infringements, the Defendants have recklessly/willfully infringed the Works.

27. Upon information and belief, one or more of the Defendants have benefitted from their infringements of the Works, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Oppenheimer is entitled to injunctive relief, damages (including disgorgement of Defendants' profits), and other relief set forth in the Act.

### COUNT III – VICARIOUS COPYRIGHT INFRINGEMENT

28. Oppenheimer re-alleges and incorporates paragraphs 1-27 above as if recited verbatim.

29. Pleading further but without wavier of the foregoing, Oppenheimer shows that at the time CarolinaOne performed the infringing acts,[1] Michael was the president, director, manager, and/or other genre of principal of CarolinaOne, while Patricia was the chief executive officer,

---

[1] Including the ongoing infringing acts which continued even after Defendants were put on notice by Oppenheimer's attorney on or about June 24, 2019.

registered agent, director, manager, and/or other genre of principal of CarolinaOne, and Romanosky was the licensed broker on the property.

30. On information and belief, Michael and Patricia controlled nearly all decisions of CarolinaOne, and were the dominant influences of the company. Michael and Patricia provided hands-on decision making with respect to the activities of CarolinaOne, making most of the decisions of the company. Romanosky was the listing broker, and she, Michael, and Patricia had the right and ability to supervise and/or control this infringing conduct of CarolinaOne, and/or stop the infringements once they began. Upon information and belief, Romanosky, Michael, and Patricia each had an obvious and direct financial interest in these infringing activities of CarolinaOne. Accordingly, they are personally liable to Oppenheimer as joint and/or contributory infringers, or are otherwise vicariously liable for the actions of CarolinaOne.

### COUNT IV – CONTRIBUTORY COPYRIGHT INFRINGEMENT

31. Oppenheimer re-alleges and incorporates paragraphs 1 – 31 above as if recited *verbatim*.

32. Alternatively, Romanosky, Michael, and Patricia have intentionally induced, encouraged, caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements, and/or have refused to exercise their right and/or ability to stop the infringement(s) after they began.

33. On information and belief, Romanosky, Michael, and Patricia are the dominant influences in CarolinaOne. All three provide hands-on decision making with respect to the activities of the entity, set and control the company's policies and protocols, and established corporate rules and cultures which encouraged the infringing activities. Romanosky, Michael, and Patricia therefore had the right and ability to supervise and/or control the infringing conduct of

8

CarolinaOne – and of its employees, agents, and/or servants – and/or to stop the infringements once they began, but either directly refused to exercise such rights or chose to remain willfully blind to the infringing activities while creating a work environment that encouraged and enabled the same. Additionally, and upon information and belief, Romanosky, Michael, and Patricia had an obvious and direct financial interests in the infringing activities of the company they ran.

34.     Accordingly, Romanosky, Michael, and Patricia are personally liable to Oppenheimer as contributory infringers for the infringing activities of CarolinaOne.

## COUNT V.
## VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT

35.     Oppenheimer re-alleges and incorporates paragraphs 1 – 34 above as if recited *verbatim*.

36.     As is his pattern and practice, Oppenheimer clearly marked the Works with his CMI on the face of the images, in legible captions just below the image, and within the metadata of the image. Oppenheimer's facial CMI always includes a "©" or the word "Copyright" in the lower right corner of Works he publishes; CMI in the metadata always includes proper notices of copyright, and notices declaring "All Rights Reserved" in addition to instructions, Oppenheimer's address, phone number, email, and the Performance Impressions website URL. Oppenheimer does all this to distinguish his works from others, as well as to ensure that people who view his Works appreciate that he owns all rights and title to them. On information and belief, one or both of the Defendants, or third parties at their direction and behest (discovery will reveal which), violated the DMCA by removing and/or obscuring Oppenheimer's facial CMI, and from the metadata. **Exhibits**

**6 and 7,** attached hereto, show that Oppenheimer's CMI[2] is clearly imbedded in the metadata of his two (2) original Works, but was stripped out entirely in the infringing images.

37.   In accomplishing the infringements identified above, and upon information and belief, one or more of the Defendants, or a third party at their behest, intentionally removed, cropped-off, and/or obscured beyond legibility, the facial CMI as well as the metadata from most if not all of Oppenheimer's Works posted on the URLs shown and listed in **Exhibits 3 and 4**.

38.   Upon information and belief, one or more of the Defendants distributed copies and/or derivatives of Oppenheimer's Works knowing that such facial and metadata CMI had been cropped-off, or had been otherwise removed or obscured beyond legibility, all without authorization.

39.   At the time that Oppenheimer's CMI was cropped-off or otherwise removed or obscured beyond legibility from his Works, and at the time the Works were distributed having had their facial and metadata CMI cropped-off, removed, or obscured beyond legibility, Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal infringements of Oppenheimer's copyrights.

40.   Oppenheimer is entitled to and seeks recovery of statutory damages/penalties from Defendants not less than $2,500, and not exceeding $25,000 for each act committed in violation of his rights under 17 U.S.C. § 1203(c)(3)(B).

41.   Pursuant to 17 U.S.C. § 1203(b)(5), Oppenheimer is entitled to recover, and therefore seeks the recovery of his Lodestar costs, including reasonable attorney's fees.

---

[2] Displayed as "© 2013 David Oppenheimer – All Rights Reserved"

**CAUSATION/DAMAGES**

42. As a result of Infringers' above-described acts of copyright infringement, Oppenheimer has sustained actual damages in an amount not yet ascertained, but which discovery will illuminate. Such actual damages include, but are not limited to, lost profits and/or lost licensing revenue, disgorgement of the infringers' profits attributable to their infringements, statutory damages including for the DMCA violations; research time tracking-down and documenting the infringements, research time tracking-down and emailing and calling the infringers, and attorneys' and paralegals' time trying to amicably resolve the matter, and for the drafting, filing and service of this complaint, citations, waivers of service and related documents.

**RELIEF REQUESTED**

43. Oppenheimer demands an accounting of Defendants' activities in connection with their infringements of his copyrights in and to the above-described and attached Work, as well as disgorgement of profits attributable to the infringing activities, as well as all other benefits realized by Defendants through their infringing activities.

44. Because – despite acknowledging Oppenheimer's claims and falsely informing Oppenheimer that they had removed all instances of infringement from the Web – Defendants continue to display the Works on (at least) the following URL: www.c21charlestonrealestate.com/property/16028743; Oppenheimer requests that this Court enjoin Defendants, their agents, employees and/or servants -- *pendente lite* and permanently -- from infringing Oppenheimer's copyrights in any manner whatsoever – including, but not limited to Defendants' continued infringement of Oppenheimer's Works as published without license or authorization on the following URL: www.c21charlestonrealestate.com/property/16028743 – and

from publishing through any visual media, and from selling, marketing or otherwise distributing any of his images, and from using his images in sales, marketing, and/or advertising

45. Oppenheimer is entitled to recover and therefore seeks recovery of actual damages, plus all of Defendants' profits attributable to the infringements. Alternatively, and at Oppenheimer's post-verdict election, because the image was registered prior to Defendants' infringements, Oppenheimer is entitled to and seeks recovery of statutory damages up to but not exceeding $150,000 (One Hundred Fifty Thousand Dollars), plus costs, including costs and Lodestar attorney's fees, pursuant to 17 U.S.C. § 504(c) and §505.

46. Oppenheimer is also entitled to recover, and therefore seeks the recovery of actual damages plus any additional profits and/or benefits realized by Defendants through their violations of the DMCA pursuant to 17 U.S.C. §1203(c)(2).

47. Alternative to actual damages under the DMCA, at Oppenheimer's post-verdict election, and pursuant to 17 U.S.C. §1203(c)(3)(B), Oppenheimer is entitled to and seeks to recover statutory damages under the DMCA not less than $2,500 and not exceeding $25,000 for each act committed by Defendants in violation of 17 U.S.C. §1202, plus Oppenheimer's Lodestar attorney's fees, pursuant to 17 U.S.C. §1203(b)(5).

**Oppenheimer DEMANDS JUDGMENT AS FOLLOWS:**

48. That Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Oppenheimer's copyrights in any manner whatsoever – including, but not limited to Defendants' continued infringement of Oppenheimer's Works as published without license or authorization on the following URL: www.c21charlestonrealestate.com/property/16028743 – and from publishing through any visual

media, and from selling, marketing or otherwise distributing any of his images, and from using his images in sales, marketing, and/or advertising;

49. That Defendants be required to deliver-up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all images which infringe Oppenheimer's copyrights, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of Infringers;

50. That Defendants provide an accounting of all gains, profits and advantages derived by him as a result of the willful and unlawful acts of copyright infringement above-described;

51. That Defendants be ordered to pay over to Oppenheimer his actual damages sustained, in addition to all their profits attributable to the infringements, and which are not taken into account in computing Oppenheimer's actual damages incurred as a result of Defendant's copyright infringements described herein, pursuant to 17 U.S.C. § 504(b);

52. In the alternative, and at Oppenheimer's election after verdict, that Defendants be ordered to pay maximum statutory damages in the amount $150,000 *for each* Work infringed pursuant to 17 U.S.C. § 504(c), or such other amount as the jury may deem appropriate;

53. That in addition to the above, Defendants be ordered to pay over to Oppenheimer actual damages for each DMCA violation, plus all of Defendants' profits that are attributable to each such violation – which are not taken into account in computing Oppenheimer's actual damages – pursuant to 17 U.S.C. § 1203(c)(2);

54. That alternative to actual damages under the DMCA, and at Oppenheimer's election after verdict, Defendants be: 1) ordered to pay to Oppenheimer the maximum statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B) for each violation; and  2) permanently enjoined

and prohibited from employing, altering, cropping, obscuring, mutilating or otherwise utilizing Oppenheimer's copyrighted images or their copyright management information in any manner or media whatsoever, pursuant to 17 U.S.C. § 1203(b)(1);

55. That Defendants be ordered to pay to Oppenheimer all of his Lodestar costs including reasonable attorney's fees pursuant to 17 U.S.C. § 504(c) and §505 and 17 U.S.C. §1203(b)(5); *and*

56. That Oppenheimer recover judgment for such other and further relief as this court deems just and proper, including maximum pre and post judgment interest on all sums due.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

**Date: December 30, 2019**                                    **ALLEN LEGAL**

                                                        **By:**    /s **Samuel K. Allen**
                                                                    SC Bar 68552
                                                                    Federal ID No. 7744
                                                                    1417 Ashley Road
                                                                    Charleston, South Carolina   29407
                                                                    Ofc:  843-481-4000
                                                                    sam@allenlegal.net
                                                                    joann@allenlegal.net

                                                                    LEJUNE LAW FIRM
                                                                    Dana A. LeJune
                                                                    Texas Bar: 12188250
                                                                    NC Bar: 49025
                                                                    Scott M. Francis
                                                                    Texas Bar: 24088795
                                                                    1225 North Loop W
                                                                    Suite 825
                                                                    Houston, Texas  77008
                                                                    713.942.9898 Phone
                                                                    713.942.9899 Facsimile
                                                                    dlejune@triallawyers.net
                                                                    *Pro Hac Vice Pending*

                                                                    NORTH CAROLINA OFFICE:
                                                                    7 Orchard Street

Suite 200  
Asheville, NC 28801  
828-774-5800 Office

Attorneys for Plaintiff