UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
(CHARLESTON DIVISION)

| | |
|---|---|
| David Oppenheimer, ) | CASE NO: 2:19-cv-03590-RMG |
| Plaintiff, ) | |
| v. ) | |
| Michael C. Scarafile, Patricia R. Scarafile, Sheila Glover Romanosky, and O'Shaughnessy Real Estate, Inc., d/b/a Carolina One Real Estate, ) | **Defendants' Motion to Seal, Motion Challenging Confidentiality, and Memorandum of Law in Support** |
| Defendants. ) | |

Pursuant to Fed. R. Civ. P. 5.2(d) and (f), and 26(c)(1); Loc. Civ. R. 5.03 and 7.02 (D.S.C.); and Order of this Court [ECF 30], Defendants Michael C. Scarafile, Patricia R. Scarafile, Sheila Glover Romanosky, and O'Shaughnessy Real Estate, Inc., d/b/a Carolina One Real Estate ("CORE") (collectively, "Carolina One"), by and through undersigned counsel, respectfully submit this *Motion to Seal, Motion Challenging Confidentiality, and Memorandum of Law in Support*. Carolina One requests to file under seal, and alternatively to reclassify as non-confidential information, an itemized list of revenue and arms-length transactions the Plaintiff produced to Carolina One pursuant to Order of the Court. *See* ECF 80 at 1-3. These documents were produced with Bates labels Oppenheimer-Scarafile 004168-70.

Carolina One certifies that, in accordance with Loc. Civ. R. 7.02 and Order of this Court [ECF 30 at ¶8], on March 17, 2022, it sought Plaintiff's consent to file the instant motion or, in the alternative, to reclassify the documents as "non-confidential." *See* **Exhibit 3**. The Plaintiff was unwilling to reclassify the documents as Carolina One proposed, but does not otherwise

1

oppose the current Motion. *See* **Exhibit 4**.

## BACKGROUND

Following protracted discovery disputes and related litigation, the Plaintiff was Ordered by this Court to produce certain details related to both his personal income as well as that of his business, Performance Impressions, LLC. *See* ECF 80 at 1-3 and ECF 81 at 12:18 – 14:4. The information revealed in these documents indeed proved relevant to both the extent and scope to which the Plaintiff may have been damaged. *See id*. As Carolina One suspected, the information revealed in these documents also raise public policy concerns inherent to both the copyright law and more generally to "the integrity and transparency of the judicial process." *See* **Exhibit 3** at 2.

Carolina One has repeatedly indicated that it would defend against the Plaintiff's allegations of copyright infringement and DMCA violation with a variety of defenses, including copyright misuse. *See, e.g.*, ECF 20 at ¶31; ECF 28 at 4; ECF 41-1 at 23 (n. 16); ECF 41-16 at 12; ECF 52 at 2; ECF 61 at 4-7; ECF 66 at 10-16; and ECF 67 at 2. The Court will not be able to fairly consider both the scope and merits of the case before it unless this information is made available to it. *See, e.g.*, ECF 81 at 50:16-23. Furthermore, the Plaintiff should not be able to shield disclosures that are in the public interest by shielding himself with the confidentiality rules of the Federal Rules of Evidence and Civil Procedure. *See* **Exhibit 3** at 2 (*citing* Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) *and* DePuy Synthes Prod., Inc. v. Veterinary Orthopedic Implants, Inc., 990 F.3d 1364, 1369 (Fed. Cir. 2021)); *see also*, Lasercomb Am., Inc. v. Reynolds, 911 F.2d 970, 977-78 (4th Cir. 1990).

The documents Carolina One seeks to file under seal have been marked confidential in accordance with the Confidentiality Order in this case. *See* ECF 30. These documents will inform the Court's decision as to several arguments within Carolina One's pending *Defendants'*

2

*Motion for Summary Judgment*, which will be filed on or before April 8, 2022. *See* ECF 78. Furthermore, Carolina One has affirmatively challenged the Confidential designation. *See* **Exhibit 3**. The Plaintiff's response, indicating that he "will not agree to reclassify the documents as non-confidential," is insufficient to resolve the issue of confidentiality. *See* ECF 30 at ¶ 8(b)-(c). As the Plaintiff has "fail[ed] to move timely for an Order designating the documents as confidential as set forth in paragraph 8.b," the Court should Order the documents no longer designated as confidential. *Id.* at ¶ 8(c)(2). Given Carolina One's written notice of March 17, 2022 (**Exhibit 3**) challenging the confidential designation, Plaintiff's motion supporting its allegation of confidentiality was due April 1, 2022. *See* ECF 30 at ¶ 8(b). Plaintiff filed no motion even though Plaintiff's counsel stated, "we will agree to follow the protocols of the Protective Order." **Exhibit 4**.

## ARGUMENT

I. **The Exhibits Herein Identified Should Be Filed Under Seal or Reclassified.**

Carolina One sets forth the requirements of Local Civil Rule 5.03(A) (D.S.C.) and Order of the Court [ECF 30].

A. **Identification of Documents to be Filed Under Seal or Reclassified**

The following documents should be filed under seal or deemed non-confidential information:

| DOCUMENT | BATES NO. (*if applicable*) | GENERAL DESCRIPTION | EXHIBIT NO. |
|---|---|---|---|
| Aggregate Income, Dec. 31, 2016 – Dec. 31, 2019 | Oppenheimer-Scarafile 004168-69 | Aggregate list of Plaintiff and Performance Impressions, LLC income from Dec. 31, 2016 – Dec. 31, 2019, as ordered by ECF 80. | **Exhibit 1** |

| DOCUMENT | BATES NO. (*if applicable*) | GENERAL DESCRIPTION | EXHIBIT NO. |
|---|---|---|---|
| List of License Sales | Oppenheimer-Scarafile 004170 | Itemized list of arms-length transactions involving Plaintiff's photography from Dec. 31, 2016 – Dec. 31, 2019, as ordered by ECF 80. | **Exhibit 2** |

**B. Sealing or Reclassification is Necessary Due to Confidentiality Order**

The confidentiality of the documents requested to be filed under seal herein is in dispute. *See* **Exhibit 3** and **Exhibit 4**. While the parties will argue the issue of admissibility before the jury *in limine* at a future date, that issue would not resolve before dispositive motions are due. *See* ECF 78. The information requested to be sealed is necessary to fully illuminate several of Carolina One's dispositive arguments, and the Court has indicated its desire to consider the information therein at least with regard to the issue of damages. *See* ECF 81 at 50:16-23. Pending resolution of the issue of confidentiality related to these documents, they are properly marked "confidential" in accordance with the current Confidentiality Order. ECF 30. Respecting the Plaintiff's desire for confidentiality, this Court's Confidentiality Order, and the current dispute as to the confidentiality of the information contained herein, the details as to aggregate income and itemized arms-length transactions designated Confidential should be filed under seal.

**C. Redaction or Other Alternatives Will Not Afford Adequate Protection if Confidentiality is Maintained**

Carolina One has contemplated using other methods, such as redaction, to preserve the alleged confidential information. But redaction would hide material information from the Court. The Court would have to decide Carolina One's forthcoming *Motion for Summary Judgment* based on conjecture and extrapolation. Carolina One further considered stipulating as to proportionality or percentile of Plaintiff's total income per source, but the Plaintiff refused. *See*

**Exhibits 3, 4**. The documents support, for example, Carolina One's contention that Plaintiff, in consort with Performance Impressions, LLC, misuses copyright law in contradiction of public policy by abusing litigation "as part of 'a primary or secondary revenue stream.'" *See* Oppenheimer v. Williams et al., 2021 WL 4086197, at *4 (D.S.C. Sept. 8, 2021) (*citing* ME2 Prods., Inc. v. Ahmed, 289 F. Supp. 3d 760, 764 (W.D. Va. 2018)). However, it would not suffice with regard to the Court's clear indication that it wishes to review "individual licensing information, individual, what he's actually been paid, actual pay, [because] [the Court] need[s] that information" to both analyze the issues including damages and the extent to which the Plaintiff's conduct may be relevant "copyright troll[ing]." ECF 81 at 50:16-23.

    D.  **Controlling Case Law**

The Public's Right to Access Is Outweighed by Competing Interests

       The common law right of the public to inspect judicial records is "not absolute." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978) (collecting cases). The Court has the discretion to withhold access if such access may be improperly used. *Id*. "The public's right of access to judicial records and documents may be abrogated only in unusual circumstances." Ashcroft v. Conoco, Inc., 218 F.3d 288,302 (4th Cir. 2000) (*citing* Stone v. Univ. of Maryland Med. Sys. Corp., 855 F.2d 178, 182 (4th Cir. 1988)).

       This is such a circumstance. It is well known that the limited intellectual property monopoly rights expressed in the Constitution in Art. I. § 8 Cl. 8 are intended to entice individual creative efforts for the general benefit of society. Antitrust laws are but one way this public policy is "enshrined" in the copyright law. *See, e.g.*, Lasercomb Am., Inc. v. Reynolds, 911 F.2d 970, 977–78 (4th Cir. 1990). The public interest demands that copyright holders not be afforded the ability to look to a confidentiality order to hide evidence of exploitive conduct related to copyright law (conduct which is itself is against the public interest). Specifically, there is a

public interest in disclosure when information tends to reveal a copyright holder's use of copyright law, and the related financial gains, exceed those financial gains the copyright holder could otherwise reasonably look to the fair market to achieve. As Mr. Oppenheimer himself states, where "'principal source of income' invokes the meaning of 'a majority' of [one]'s income… one could see how the specific revenue numbers may be necessary – or even relevant – to a misuse defense." ECF 66 at 16.

Carolina One is sensitive to both Mr. Oppenheimer's privacy concerns and to the public policy concerns implicated by the information in the referenced documents. In this instance, Carolina One believes, in good faith (*see, e.g.,* Flaherty-Ortega v. Horry Cty., S.C., 2021 WL 5495362, at *2–3 (D.S.C. Nov. 23, 2021) (citations and quotations omitted)), that Mr. Oppenheimer has classified the documents identified as Oppenheimer-Scarafile 004168-70 as "Confidential-Attorney Eyes Only" against the public interest. Restricting the right of the public to have access to the information contained therein would work against "the integrity and transparency of the judicial process." *See* DePuy Synthes Prod., Inc. v. Veterinary Orthopedic Implants, Inc., 990 F.3d 1364, 1369 (Fed. Cir. 2021) (*quoting* Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)). So too would denying the Court the ability to consider the information contained therein *in camera* impact the integrity of the judicial process. *See id*. Ultimately, while Carolina One insists these documents are not "entitled to confidential treatment" (s*ee* ECF 30 at ¶ 8(b)), by allowing for immediate review *in camera*, the Court will best be able to both consider the merits of all dispositive arguments soon before it, as well the related issue of whether the public should have a right to the information contained therein.

## CONCLUSION

For the reasons set forth above, Carolina One prays this Court will grant Carolina One's *Motion to Seal.* Alternatively, Carolina One prays the Court will grant Carolina One's *Motion Challenging Confidentiality* and Order the documents referenced herein shall no longer be designated as confidential information.

## CERTIFICATE OF COMPLIANCE

Carolina One certifies compliance with Local Civil Rule 5.03 (D.S.C.).

## CERTIFICATE OF CONSULTATION

Carolina One obtained Plaintiff's consent to file this Motion to Seal; Plaintiff was consulted but did not consent to reclassify confidentially-designated documents. *See* **Exhibit 3** and **Exhibit 4**. *See* Loc. Civ. R. 7.02 (D.S.C.).

Dated: April 4, 2022

s/ William La Salle III

William La Salle III, Esq.
Stipkala & Klosowski d/b/a Thrive IP®
100 Spinnaker Run Ln
Smithfield, VA 23430
Tel: 757.755.2257
Fax: 757.542.3095
WLaSalle@Thrive-IP.com
*Pro Hac Vice*

s/ Jeremy M. Stipkala

Jeremy M. Stipkala, Esq.
Fed. ID No. 10479
Stipkala & Klosowski d/b/a Thrive IP®
5401 Netherby Ln. Suite 1201
North Charleston, SC 29420
Tel: 843.580.9057
Fax: 866.747.2595
Jeremy.Stipkala@Thrive-IP.com
*Attorneys for Defendants*

## INDEX OF DOCUMENTS TO BE SEALED

In satisfaction of Local Civil Rule 5.03(B)(1) (D.S.C.), Carolina One provides the following index:

| DOCUMENT | BATES NO. (*if applicable*) | GENERAL DESCRIPTION | EXHIBIT NO. |
|---|---|---|---|
| Aggregate Income, Dec. 31, 2016 – Dec. 31, 2019 | Oppenheimer-Scarafile 004168-69 | Aggregate list of Plaintiff and Performance Impressions, LLC income from Dec. 31, 2016 – Dec. 31, 2019, as ordered by ECF 80. | **Exhibit 1** |
| List of License Sales | Oppenheimer-Scarafile 004170 | Itemized list of arms-length transactions involving Plaintiff's photography from Dec. 31, 2016 – Dec. 31, 2019, as ordered by ECF 80. | **Exhibit 2** |

## CERTIFICATE OF SERVICE

I hereby certify that on this April 4, 2022, a true and correct copy of *Defendants' Motion to Seal, Motion Challenging Confidentiality, and Memorandum in Support* with exhibits was served via e-mail delivery to Counsel of Record for Plaintiff and Performance Impressions, LLC at the following email addresses:

Dana LeJune, Esq: dlejune@triallawyers.net
Scott Francis, Esq.: scott@triallawyers.net
Sam Allen, Esq.: sam@allenlegal.net
Eric S. Brock, Esq.: eric@allenlegal.net

        s/ William La Salle III

        William La Salle III, Esq.
        Stipkala & Klosowski d/b/a Thrive IP®
        100 Spinnaker Run Ln
        Smithfield, VA 23430
        Tel: 757.755.2257
        Fax: 757.542.3095
        WLaSalle@Thrive-IP.com
        *Pro Hac Vice*