**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| David Oppenheimer,<br><br>        Plaintiff,<br>v.<br><br>Michael C. Scarafile, Patricia R. Scarafile, Sheila Glover Romanosky, and O'Shaughnessy Real Estate, Inc., d/b/a Carolina One Real Estate,<br><br>        Defendants. | Case No. 2:19-cv-3590-RMG<br><br>**ORDER AND OPINION** |

This case comes before the court on Defendants' Motion to Enforce Partial Settlement Agreement. (Dkt. No. 118). Plaintiff filed a response to Defendants' motion (Dkt. No. 119), and Defendants replied (Dkt. No. 122). For the reasons set forth below, the Court grants Defendants' motion.

**I.    Background**

Plaintiff, a professional photographer, brought this copyright infringement action against Defendants Michael and Patricia Scarafile, Sheila Romanosky, and O'Shaughnessy Real Estate, Inc. doing business as Carolina One Real Estate. (Dkt. No. 1). Plaintiff asserted five causes of action: (Count I) non-willful copyright infringement, (Count II) reckless/willful copyright infringement, (Count III) vicarious copyright infringement, (Count IV) contributory copyright infringement, (Count V) violations of the Digital Millennium Copyright Act ("DMCA"). (*Id.*) The Court granted Defendants' motion for summary judgment as to Plaintiff's Count V and found that Plaintiff established the prima facie elements for Count I. (Dkt. No. 111 at 15, 17).

To further streamline the case for trial, Defense Counsel, in an email to Plaintiff's Counsel, offered that Defendant Carolina One Real Estate would indemnify Defendant Shelia Glover for all

1

damages for which the Defendants might be held liable in this litigation in exchange for Plaintiff dismissing with Prejudice Counts III and IV and Defendants Michael C. Scarafile and Patricia R. Scarafile. (Dkt. No. 118-1 at 1). Plaintiff's Counsel responded that Plaintiff agreed to Defendant's proposal. (Dkt. No. 118-2 at 1 ("We have reviewed and discussed with Mr. Oppenheimer the proposed offer made in your July 21st Letter. Upon consideration, Mr. Oppenheimer has agreed to your proposal.")). In the same response, Plaintiff's Counsel requested that Defense Counsel provide an executed written indemnification agreement and indicated that Plaintiff's Counsel would draft a stipulation of dismissal for Defense Counsel's review before filing. (*Id.*) Soon after Plaintiff's Counsel's response, Defense Counsel provided Plaintiff's Counsel with an indemnification agreement. (*Id.* at 2). Shortly thereafter, Plaintiff's Counsel provided a draft joint stipulation of dismissal. (Dkt. No. 118-4 at 3).

The draft joint stipulation that Plaintiff's Counsel provided included the phrase "and with each party bearing their own costs and attorney's fees." (Dkt. No. 118-5 at 3). Defense Counsel asked Plaintiff's Counsel to remove that phrase from the stipulation asserting that a final agreement had already been reached and that the phrase was not part of the agreement. (Dkt. No. 118-6 at 4-5). Plaintiff's Counsel disagreed with Defense Counsel's characterization and maintained the position that the stipulation should include the attorney's fees clause.

Defendants now move this Court to enforce the settlement agreement by dismissing with prejudice Counts III and IV and Defendants Michael C. Scarafile and Patricia R. Scarafile from this case. (Dkt. No. 118 at 1). Defendants also request costs related to the motion to enforce. (*Id.*)

II. **Applicable Law and Analysis**

"[D]istrict courts have inherent authority, deriving from their equity power, to enforce settlement agreements." *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540 (4th Cir. 2002). In order

to exercise this power, a district court "(1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions." *Id.* at 540-41. In making these determinations, courts generally rely on standard contract principles. *Topiwala v. Wessell*, 509 F.App'x 184, 186 (4th Cir. 2013). Under South Carolina Law,[1] "to have a valid and enforceable contract, there must be a meeting of the minds between the parties and with regard to all essential and material terms of agreement." *Player v. Chandler*, 382 S.E.2d 891, 893 (S.C. 1989).

To the extent "there is a factual dispute over the existence of an agreement, over the authority of attorneys to enter into the agreement, or over the agreement's terms, the district court may not enforce a settlement agreement *summarily*." *Hensley*, 277 F.3d at 541 (emphasis in original) (footnote omitted). Instead, the district court must hold a plenary evidentiary hearing to resolve the dispute. *Id.* (quoting *Milner v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981)). In the event a settlement "has been reached and its terms and conditions can be determined, the court may enforce the agreement summarily as long as the excuse for nonperformance of the agreement is 'comparatively insubstantial.'" *Hensley*, 277 F.3d at 540 (quoting *Milner*, 643 F.2d at 1009) (internal citation omitted).

As a general principle, the settlement of disputes is favored by the courts, *Williams v. First National Bank*, 26 U.S. 582 (1910); consequently, "one who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted." *Callen v. Pennsylvania R. Co.*, 332 U.S. 625, 630 (1948). "[H]aving second thoughts about the results of a settlement agreement does not justify setting aside an otherwise valid agreement." *Young v. F.D.I.C.*, 103 F.3d 1180,

---

[1] The parties appear to agree that South Carolina law guides the analysis on the validity of the potential settlement agreement. (*See* Dkt. No. 118 at 3; Dkt. No. 119 at 8).

3

1195 (4th Cir. 1997); *accord Crawford v. Nat'l Honorary Beta Club*, No. 7:14-2970-GRA, 2015 WL 12806590, at *2 (D.S.C. Oct. 8, 2015). Additionally, the agreement need not be reduced to a formal writing. *See Crawford*, 2015 WL 12806590, at *2.

For example, in *Crawford*, the court found that the parties formed an enforceable agreement to settle their case even though the agreement had not been reduced to a formal writing. *Id. Crawford* involved a settlement agreement negotiated and agreed to over emails by parties' attorneys. *Id.* at *1. The defense counsel sent an email to plaintiff's counsel stating that his client's final offer was to pay $17,000 in exchange for a full release to settle the case. *Id.* The plaintiff's attorney responded "17,000, agreed" and provided instructions for payment. *Id.* The plaintiff's attorney later sent defense counsel an email advising that his client "had done a complete 180." *Id.* The defendant then filed a motion to enforce the settlement and the court found that the emails constituted an enforceable settlement agreement. *Id.* at * 2. The court reasoned that the plaintiff had freely and voluntarily agreed to settle her case, and although the agreement had not been reduced to a formal writing, plaintiff could not set aside the agreement because she had second thoughts about the settlement amount. *Id.*

Here, like in *Crawford*, the parties formed an enforceable agreement over email. On July 21st, Defense Counsel sent an email to Plaintiff's Counsel proposing that Defendant Carolina One Real Estate would agree to indemnify Defendant Sheila Romanosky for all damages for which the Defendants might be held liable in this litigation in exchange for Plaintiff dismissing Counts III and IV and Defendants Michael and Patricia Scarafile. (Dkt. No. 118-1 at 1). On July 29th, Plaintiff's Counsel responded in an email that "[w]e have reviewed and discussed with Mr. Oppenheimer the proposed offer made" and "[u]pon consideration, Mr. Oppenheimer has agreed to your proposal." (Dkt. No. 118-2 at 2). At that point, a contract, supported by offer, acceptance,

and valuable consideration, was formed. And like in *Crawford*, the fact that the agreement had not been reduced to a formal writing has no effect on the formation of the contract.

Plaintiff argues that there was no meeting of the minds because the parties had different understandings of how the proposed partial agreement would affect any potential motion for attorney's fees and costs. (Dkt. No. 119 at 10). This argument fails because the "meeting of minds required to make a contract is not based on a secret purpose or intention on the part of one the parties, stored away in his mind and not brought to the attention of the other party, but must be based on purpose and intention which has been made known or which, from all the circumstances, should be known," *Player*, 382 S.E.2d at 893. Accordingly, based on the cited emails, the objectively manifested intentions of the parties indicate a meeting of the minds.

Because a contract was formed by the July 21st and 29th emails, Plaintiff's attempt to include the phrase "and with each party bearing their own costs and attorney's fees" in the August 2nd proposed draft of the joint stipulation of dismissal fails. That material term was not contemplated by the parties as part of the contract when Plaintiff indicated his acceptance on July 29th. (*See* Dkt. No. 118-2 at 2).

The Court finds that no evidentiary hearing is required in this instance because the formation of the contract was clear from the parties' emails.

Accordingly, the Court grants Defendants' Motion to Enforce Partial Settlement Agreement. The Court, however, denies Defendants' request to impose sanctions against the Plaintiff.

### III. Conclusion

For the reasons stated above, Defendants' Motion to Enforce Partial Settlement Agreement (Dkt. No. 118) is **GRANTED**. Plaintiff is directed to file a stipulation of dismissal excluding the

5

attorney's fees clause, and Defendants are directed to provide Plaintiff a written indemnity agreement. Defendants requests for costs associated with this motion is **DENIED**.

        **AND IT IS SO ORDERED.**


                                       s/ Richard Mark Gergel
                                      Richard Mark Gergel
                                      United States District Judge

January 11, 2023
Charleston, South Carolina